IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHILLIP A. CATHEY,**<br><br>Plaintiff,<br><br>v.<br><br>**IJUANA HARRISON; NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES,**<br><br>Defendant. | 1:16-cv-00545 LJO MJS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT** |

## I. Introduction

Plaintiff Philip A. Cathey ("Plaintiff"), proceeding *pro se*, filed his complaint against defendants Ijuana Harrison ("Harrison") and the North Dakota Department of Human Services ("North Dakota") seeking relief under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCEJA") and the Parental Kidnapping Prevention Act ("PKPA"). It appears that Plaintiff brought this action in response to Defendant Harrison's taking their daughter from California to North Dakota. (Complaint, ECF No. 1.) While Plaintiff cites to the two pieces of legislation above, he does not attempt to establish his basis for federal jurisdiction. Accordingly, the Court will screen the matter to determine if subject

1

matter jurisdiction is lacking and, if so, if the complaint must be dismissed.

**II.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.    Analysis**

    **A.     Lack of Jurisdiction and Fed. R. Civ. P. 12(b)(1)**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, such cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Finley v. United States, 490 U.S. 545, 109 S. Ct. 2003, 104 L. Ed. 2d 593 (1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

    **1.     Federal Question Jurisdiction**

Under federal question jurisdiction, district courts are authorized to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of

2

the United States." 28 U.S.C. § 1331. A civil action can "arise under" federal law in two ways. Gunn v. Minton, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013). Most directly, "a case arises under federal law when federal law creates the cause of action asserted." Id. If, however, a claim finds its origins in state rather than federal law, federal jurisdiction will lie only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.; see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).

Here, Plaintiff seeks relief under two statutes. (See generally, Compl.) If the claims are not cognizable or do not state claims entitling Plaintiff to relief, they would not form a basis for federal question jurisdiction. Accordingly, the Court will review Plaintiff's federal claims to see if he has established subject matter jurisdiction.

### A. Uniform Child Custody Jurisdiction and Enforcement Act

Plaintiff alleges that Defendant Harrison violated the UCCJEA by removing their child from the home state of California. (Compl. at 4.) However, the UCCJEA is not federal law.  It is rather a uniform law that has been adopted by several states, including the two states at issue here, California (Cal. Fam. Code §§ 3400 et seq.) and North Dakota (N.D. Cent. Code, § 14-14.1-01 et seq.). As the UCCJEA is not federal law, it does not establish a federal cause of action for subject matter jurisdiction.

### B. Parental Kidnapping Protection Act

"The PKPA sets out the jurisdictional criteria which govern all interstate child custody disputes." Bergmann v. McCullough, 218 Ga. App. 353, 461 S.E.2d 544, 546 (Ga. Ct. App. 1995); L.N.S. v. S.W.S., 854 N.W.2d 699, 703-704 (Iowa Ct. App. 2013).

Thus, if a state makes a custody or visitation determination consistent with the PKPA, that decision should be enforced in other states. 28 U.S.C. § 1738A(a); Evans v. Evans, 668 F. Supp. 639, 641 (M.D. Tenn. 1987). Another state may not modify that determination except as provided in the PKPA. 28 U.S.C. § 1738A(a); Meade v. Meade, 812 F.2d 1473, 1476 (4th Cir. 1987) ("[T]he PKPA prevents a second state from

modifying an initial state's order except in carefully circumscribed situations.").

Under 28 U.S.C. § 1738A(d), the PKPA sets forth a federal standard for continuing exclusive custody jurisdiction—"the first state must have had proper initial custody jurisdiction when it entered its first order (according to criteria in the Act) and it must remain 'the residence of the child or of any contestant' when it later modifies that order." Meade, 812 F.2d at 1477; see also 28 U.S.C. § 1738A(d). The PKPA's state law standard asserts: "[I]n order to retain exclusive responsibility for modifying its prior order the first state must still have custody jurisdiction as a matter of its own custody law." Meade, 812 F.2d at 1477; see 28 U.S.C. § 1738A(d) (referring to subsection (c)(1)). In addition, for another state to modify a prior order, the initial state must no longer have jurisdiction or the initial state must have declined to exercise jurisdiction. 28 U.S.C. § 1738A(f)(2); Evans, 668 F. Supp. at 641.

While the PKPA sets forth the standard for continuing exclusive custody jurisdiction over minor children, it does not create a federal cause of action. PKPA controls which state law applies, but does not provide a basis for bringing an action in federal court based on federal subject matter jurisdiction. Plaintiff has not established subject matter jurisdiction, and therefore may not maintain this action in federal court.

### 2. Diversity Jurisdiction

As described, it appears that Plaintiff's underlying legal claims are not based on federal law, and therefore he is unable to establish subject matter jurisdiction. Assuming that Plaintiff presents cognizable state law claims, he can proceed in federal court only if he properly alleges diversity jurisdiction. "Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants. Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." Diaz v. Davis (In re Digimarc Corp. Derivative Litig.), 549 F.3d 1223, 1234 (9th Cir. 2008) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)).

Plaintiff has not properly alleged diversity of citizenship. While it appears the

parties may be diverse - Plaintiff resides in California and Defendants are in North Dakota – Plaintiff as not established the requisite amount in controversy. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," 28 U.S.C. § 1332. Plaintiff does not allege any damages. Instead he requests injunctive relief and to obtain custody of his daughter and have her returned to him in California. As Plaintiff has not requested the requite amount in controversy, he cannot establish diversity jurisdiction, and the matter must be dismissed for lack of subject matter jurisdiction.

### B.    Leave to Amend

The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations & quotation marks omitted). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted). Here, the Court does not find it conceivable that the claims alleged by Plaintiff could be cognizable in a federal action. As the pleadings cannot be cured by amendment, the Court recommends that the claim be dismissed with prejudice. Should Plaintiff wish to assert these claims, he should seek relief in state court.

### IV.   Recommendation

Accordingly, it is hereby recommended that the complaint be dismissed for failure to establish subject matter jurisdiction.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply

to the objections shall be served and filed within fourteen (14) days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   August 25, 2016         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE